Reggie WHITE, Michael Buck, Hardy Nickerson, Vann McElroy and Dave Duerson, Plaintiffs,

v.

NATIONAL FOOTBALL LEAGUE;  The Five Smiths, Inc.;  Buffalo Bills, Inc.;  Chicago Bears Football Club, Inc.;  Cincinnati Bengals, Inc.;  Cleveland Browns, Inc.;  The Dallas Cowboys Football Club, Ltd.;  PDB Sports, Ltd.;  The Detroit Lions, Inc.;  The Green Bay Packers, Inc.;  Houston Oilers, Inc.;  Indianapolis Colts, Inc.;  Kansas City Chiefs Football Club, Inc.;  The Los Angeles Raiders, Ltd.;  Los Angeles Rams Football Company, Inc.;  Miami Dolphins, Ltd.;  Minnesota Vikings Football Club, Inc.;  KMS Patriots Limited Partnership;  The New Orleans Saints Limited Partnership;  New York Football Giants, Inc.;  New York Jets Football Club, Inc.;  The Philadelphia Eagles Football Club, Inc.;  B & B Holdings, Inc.;  Pittsburgh Steelers Sports, Inc.;  The Chargers Football Company;  The San Francisco Forty–Niners, Ltd.;  The Seattle Seahawks, Inc.;  Tampa Bay Area NFL Football Club, Inc.;  and Pro–Football, Inc.;  Defendants.

Civ. No. 4–92–906.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 20, 1993.

**1506**

Edward M. Glennon, Carol T. Rieger, Charles J. Lloyd, and Lindquist & Vennum, Minneapolis, MN, James W. Quinn, Jeffrey L. Kessler, Jonathan T. Weiss, Daniel Rubin, David G. Feher, Cathy E. Shore–Sirotin, and Weil, Gotshal & Manges, New York City, for plaintiffs.

James Fitzmaurice, Daniel J. Connolly, and Faegre & Benson, Minneapolis, MN, Herbert Dym, Gregg H. Levy, and Covington & Burling, Washington, DC, Frank Rothman, Shepard Goldfein, William L. Daly, and Skadden, Arps, Slate, Meagher & Flom, Los Angeles, CA, for defendants.

Peter S. Hendrixson, and Dorsey & Whitney, Minneapolis, MN, Maxwell M. Blecher, and Blecher & Collins, Los Angeles, CA, for defendant Philadelphia Eagles Football Club, Inc.

Thomas Fraser, Laurie J. Miller, and Fredrikson & Byron, Minneapolis, MN, Don Howarth, Suzelle M. Smith, and Howarth & Smith, Los Angeles, CA, for objector Leslie O'Neal.

## ORDER

DOTY, District Judge.

This matter is before the court on defendants' (other than the Philadelphia Eagles)[1] motion to hold objector Leslie O'Neal in contempt of this court's order of April 30, 1993. The facts underlying this matter are largely undisputed. On March 3, 1993, defendants moved for an order to show cause why the court should not enjoin all pending and future cases brought by individual class members challenging the same conduct at issue in the present case. On March 4, 1993, the court issued an order to show cause, which included a briefing schedule and a hearing date for the motion.

On March 18, 1993, a group of players, including Leslie O'Neal, filed a memorandum in opposition to defendants' motion to enjoin. At the hearing on April 16, 1993, counsel for Mr. O'Neal argued that the court should not grant the antisuit injunction. On April 30, 1993, the court issued an order which, inter alia, granted defendants' motion to enjoin various pending lawsuits, which were cited in the order.[2] The cases cited included *O'Neal v. NFL*, No. 92–4368 (C.D.Cal.).

The order further stated that:

All members of the plaintiff class in the present action are permanently enjoined from further pursuit or prosecution of the above listed actions, or any other actions now pending that purport to challenge the same player practices at issue here, or challenge the Stipulation and Settlement Agreement in this action. In addition, all members of the plaintiff class are permanently enjoined from initiating any such actions in the future. The court shall also retain jurisdiction over this action to effectuate and enforce the terms of the injunctions and Stipulation and Settlement Agreement.

*Id.* at 1437.

Status reports concerning several of the cases enjoined by this court were subsequently filed in the Central District of California. The status reports disclosed various rulings set forth in this court's order of April

---

1. Counsel for the Philadelphia Eagles informed the court that they take no position on the present motion. Accordingly, any reference to "defendants" does not include the Eagles.

2. The actions specifically enjoined are: (a) *Hurst v. NFL*, No. 92–3263 (E.D.La.); (b) *Dusbabek v. NFL*, No. 4–93–126 (D.Minn.); (c) *Lee v. NFL*, No. 4–93–125 (D.Minn.); (d) *McMillian v. NFL*, No. 4–93–99 (D.Minn.); (e) *Wright v. NFL*, No. 4–93–124 (D.Minn.); (f) *Jones v. NFL*, No. 92–2512 (C.D.Cal.); (g) *Sanders v. NFL*, No. 92–4365 (C.D.Cal.); (h) *Matthews v. NFL*, No. 92–4370 (C.D.Cal.); (i) *Hunter v. NFL*, No. 92–4373 (C.D.Cal.); (j) *O'Neal v. NFL*, No. 92–4368 (C.D.Cal.); (k) *Allen v. NFL*, No. 92–7536 (C.D.Cal.); (l) *Norton v. NFL*, No. 93–0029 (C.D.Cal.); (m) *Hurst & Fourcade v. NFL*, No. 93–0766 (E.D.La.); (n) *Harper v. NFL*, No. 4–93–314 (D.Minn.); (o) *Risien v. NFL*, No. 4–93–182 (D.Minn.); (p) *Duncan v. NFL*, No. 93–1481 (C.D.Cal.); and (q) *Evans v. NFL*, Civ. No. 92–878 (D.Ariz.). *See White v. National Football League*, 822 F.Supp. 1389, 1436–37 (D.Minn. 1993).

30, 1993, including the foregoing injunctive relief and this court's determination that various players, including Leslie O'Neal,[3] had voluntarily submitted to this court's jurisdiction by actively participating in the litigation of the merits of the present action. *Id.* at 1432–33.[4]

On May 17, 1993, Judge Consuelo B. Marshall of the United States District Court for the Central District of California, on her own motion, removed the case of *O'Neal v. NFL,* No. 92–4368 (C.D.Cal.) "from the active caseload pending further Order of this Court."[5]

On July 6, 1993, counsel for Leslie O'Neal brought a motion before Judge Marshall to return the case of *O'Neal v. NFL,* No. 92–4368 (C.D.Cal.) to the active caseload.[6] In his papers, Mr. O'Neal requested that Judge Marshall: (1) return his case to the active calendar; (2) lift the stipulated stay of his action; and (3) permit him "to prosecute his damages action against defendants without further delay." *See* Memorandum of Points and Authorities in Support of Motion to Return Case to the Active Calendar at 4 (July 2, 1993). The memorandum further stated that Mr. O'Neal was "prepared to move forward immediately with partially dispositive motions and trial." *Id.* at 17.

On July 7, 1993, this court conducted a hearing on various motions in the present case, including motions to amend the *White* Settlement Agreement and for further factual findings. At the hearing, defendants' counsel brought Mr. O'Neal's motion in the Central District of California to this court's attention and stated that defendants believed that the motion violated this court's order of April 30, 1993. *See* Transcript of Final Fairness Hearing at 54–55 (D.Minn. July 7, 1993).

Defendants' counsel requested that the court hold Mr. O'Neal "in contempt of the court's injunction entered April 30th." *Id.* at 117. Defendants' counsel also asked:

> that the court suspend or stay the determination of any sanction that would be applied to them pending the outcome of their appeal to the Eighth Circuit. We would herewith make that request.

*Id.* This court informed Mr. O'Neal's counsel that "you are on notice at least of the request", and that she should "give notice that the court is thinking about an order to show cause." *Id.* at 118–19. The court then requested that defendants make any motion for an order to show cause by July 15, 1993. The court also stated that anything else concerning that issue could be brought to the court's attention "informally; that is by letter form rather than a formal brief." *Id.* at 120.

On July 12, 1993, defendants moved for an order to show cause, and the court granted that motion in its order of July 13, 1993. On August 10, 1993, the court conducted a hearing on the present matter.

Based on the arguments of counsel, and the file, record and proceedings herein, the court makes the following findings:

1. The court has personal jurisdiction over Mr. O'Neal because he voluntarily submitted to this court's jurisdiction by actively litigating the underlying merits of the present case.

2. The court also has jurisdiction over Mr. O'Neal pursuant to the court's certification, under Federal Rule of Civil Procedure 23(b)(1), of a mandatory class of which Mr. O'Neal is a member.

---

3. Those players are: Sean Jones, Eric Allen, Leslie O'Neal, Eric Sanders, Ken Norton, Jr., Curtis Duncan, Patrick Hunter, William C. Matthews, Cris Dishman, Lomas Brown, Neil Smith, Van Waiters, Broderick Thompson and Jerry Ball. *Id.* at 1432.

4. The order specifically stated that:

> As a result of their various filings with the court, their appearance to object to the settlement and their motions to intervene, the court finds that [the listed] players have submitted to the court's jurisdiction because they have not confined their arguments to the claims that they are beyond the court's jurisdiction, but

rather have objected to the merits of the proposed settlement.

*Id.* at 1432.

5. Judge Marshall also removed from the active caseload various other cases enjoined by this court's order of April 30, 1993.

6. The papers filed included a notice of motion, the motion, a memorandum of points and authorities in support thereof, a supporting declaration of counsel Suzelle M. Smith, and a proposed order.

3. In addition, the court has jurisdiction to enjoin *O'Neal v. NFL,* No. 92–4368 (C.D.Cal.) under the All–Writs Act. 28 U.S.C. § 1651(a).

4. In its order of April 30, 1993, the court permanently enjoined Mr. O'Neal "from further pursuit or prosecution of" his action, *O'Neal v. NFL,* No. 92–4368 (C.D.Cal.).

5. On July 6, 1993, Mr. O'Neal filed a notice of motion, a motion and supporting papers to return that case to the active caseload of the Central District of California.

6. Mr. O'Neal's motion to return his case to the active caseload constitutes "further pursuit or prosecution of" *O'Neal v. NFL,* No. 92–4368 (C.D.Cal.), in violation of the express terms of this court's order of April 30, 1993.

7. Based on the foregoing, the court finds that Mr. O'Neal is in contempt of this court's order of April 30, 1993.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to hold Mr. O'Neal in contempt is granted.

2. Mr. O'Neal may purge himself of this contempt by withdrawing his motion to return his case to the active caseload of the Central District of California by August 27, 1993, notifying this court of such withdrawal, and taking no further action inconsistent with this court's order of April 30, 1993.

3. If the motion is not withdrawn, the court will entertain a motion to show cause why the court should not hold Mr. O'Neal's counsel in contempt of this court's order of April 30, 1993.

4. In the event that the contempt is not purged, the court will defer imposition of sanctions pending the outcome of Mr. O'Neal's appeal, if any, in the present action.